UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RECAREY,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>R.J. DONOVAN,<br><br>　　　　　　　　Respondent. | Case No.: 21-CV-1377 JLS (BGS)<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE**<br><br>(ECF Nos. 4, 5) |

On July 30, 2021, Petitioner Joseph Recarey, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed *in forma pauperis*. *See* ECF Nos. 1 & 2. On August 4, 2021, the Court denied Petitioner's application to proceed *in forma pauperis* and dismissed the Petition without prejudice. *See* ECF No. 3 (the "Order"). The Court notified Petitioner that, in order to have his case reopened, he must either pay the filing fee or provide adequate proof of his inability to pay and file and First Amended Petition that cured the pleading deficiencies outlined in the Order no later than October 8, 2021. *See id.* at 5. On August 13, 2021, Petitioner filed a renewed Motion to Proceed *in Forma Pauperis* and a First Amended Petition. ECF Nos. 4 ("FAP") & 5 ("IFP Mot.").

/ / /

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Petitioner's request to proceed *in forma pauperis* again is denied because he has failed once more to provide the Court with sufficient information to determine his financial status. A request to proceed *in forma pauperis* made by a state prisoner must include a signed certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* Rule 3(a)(2), 28 U.S.C. foll. § 2254; S.D. Cal. CivLR 3.2. Petitioner has failed to provide the Court with the required prison certificate. *See generally* IFP Mot. Accordingly, the Court **DENIES** Petitioner's request to proceed *in forma pauperis* and **DISMISSES** the case **WITHOUT PREJUDICE**.

**FAILURE TO NAME A PROPER RESPONDENT**

Furthermore, review of the First Amended Petition reveals that Petitioner again has failed to name a proper respondent. On federal habeas, a state prisoner must name as the respondent the state officer having custody of him. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement

exists because a writ of habeas corpus acts upon the custodian of the state prisoner—*i.e.*, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the facility in which he is confined, "R.J. Donovan," as Respondent. FAP at 1. In order for this Court to entertain Petitioner's claims, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation as the respondent. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE CLAIM

Additionally, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Section 2254(a) of title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under section 2254, a state prisoner must allege both that he is in custody (1) pursuant to a "judgment of a State court" and (2) in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, Petitioner claims: "Victim was not in court the day of trial (evidence withheld) and I signed for the deal, went to court against public defender to fire him [due to a] conflict of interest." FAP at 4. He alleges further that "they did not have $2000 in stolen property."

*Id*. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, the First Amended Complaint fails to state a cognizable federal habeas corpus claim.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Finally, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See id*. Moreover, to exhaust properly state court remedies, a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. To this end, in *Duncan v. Henry*, 513 U.S. 364 (1995), the U.S. Supreme Court reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366.

Nowhere in the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. *See generally* FAP. In fact, he specifically indicates he did *not* seek such review. *See id*. at 4. If Petitioner has raised his claims in the California Supreme Court, he must so specify, as "[t]he burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitations shall apply to a

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations *does* run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, it is plain from the face of the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's application to proceed *in forma pauperis* (ECF No. 5) and **DISMISSES** the First Amended Petition (ECF No. 4)

**WITHOUT PREJUDICE** and with leave to amend for failure to satisfy the filing fee requirement, name a proper respondent, state a cognizable claim, and allege exhaustion of state judicial remedies.[1]

To have this case reopened, Petitioner must, <u>no later than October 11, 2021</u>: (1) either pay the filing fee or provide adequate proof of his inability to pay **AND** (2) file a Second Amended Petition that cures the pleading deficiencies outlined above. Petitioner is advised that if he has not submitted a Second Amended Petition stating cognizable federal claims and alleging exhaustion of his state court remedies with regard to those claims before October 11, 2021, he will have to start over by filing a completely new habeas petition in this District. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

*For Petitioner's convenience, the Clerk of the Court* **SHALL ATTACH** *to this Order a blank* in forma pauperis *application form and a blank Second Amended Petition form*.

**IT IS SO ORDERED.**

Dated:  August 18, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[1] As with the original petition, the First Amended Petition also appears to be at least partially duplicative of a petition for habeas corpus filed in this District by Petitioner on July 12, 2021. The Court may dismiss a duplicative petition as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted). Petitioner filed a petition for writ of habeas corpus in Case No. 21-CV-1260 LAB (BLM) (S.D. Cal.). In that petition, Petitioner raised a nearly identical claim as the one contained in the instant petition, stating: "(Prop 57) I was not at the scene of the crime," "no weapon [sic]," and "robbery 4yr crime I have done 8yrs already." *See* Case No. 21-CV-1260 LAB (BLM), ECF No. 1 at 3. The petition in 21-CV-1260 LAB (BLM) was dismissed without prejudice for failure to satisfy the filing fee requirement, failure to name a proper respondent, failure to state a cognizable claim, and failure to allege exhaustion. *See* Case No. 21-CV-1260 LAB (BLM), ECF No. 2 at 1–3, 5. Petitioner was given leave to satisfy the filing fee requirement and file an amended petition in that case as well. *See id.* at 5.